CLAUDE A. DODSON *et al.* v. S. F. POLK.

(*Jackson.* April Term, 1919.)

. 1. **WILLS.** Devise on life estate with remainder to life tenant's children.

A codicil, considered with the will, *held* to devise a life estate only, with the remainder to life tenant's children. (*Post, pp.* 699, 700.)

2. **WILLS.** Decree construing will not contradicted by decree vesting devisee with fee to land.

A decree, passed for construction of a will, and ordering an allotment of testator's lands, and correctly adjudging that D. took only a life estate, with remainder to his children, and a subsequent decree after allotment by commissioners of land to D., that all right of all the devisees and heirs of testator, except D., in and to the land assigned by commissioners to D., be divested out of them and vested in D., "his heirs and assigns forever," *held* not to vest D. with the fee, the latter decree being consistent with former. (*Post, pp.* 699, 700.)

---

FROM PERRY.

---

Appeal from the Chancery Court of Perry County.— HON. J. W. Ross, Chancellor.

JNO. T. PEELER, for appellants.

JNO. A. GREER and GEO. W. PEARSON, for appellee.

MR. CHIEF JUSTICE LANSDEN delivered the opinion of the Court.

This is an action of ejectment. The complainants derive their title from their father, John M. Dodson, now deceased. The defendant claims as purchaser of the lands at a judicial sale in the name of Dodson. The questions made arise upon the construction of the last will and testament of J. L. Webb, deceased, and the effect upon the title of Dodson of two certain decrees passed in the chancery court of Perry county.

John M. Dodson, common source of title, was the great-grandfather of J. L. Webb. Webb executed a will which contained the following clauses:

"At the death of my wife, or at her marriage, I will, devise, and bequeath all my property, both real and personal, be equally divided between my three children, Nancy J. Guthrie, W. C. Webb, and John M. Webb. My daughter Nancy's part or portion to be to her sole and separate use and behest. Free from the debts, contracts, and liabilities of her present husband (or any future husband she may have), and at her death her children shall enjoy her estate. My two sons are to take a life estate in their part or portion of property only, and at their deaths their children shall have and enjoy such estate as each one of my sons take in my property respectively; and if either one or more of my said children die leaving minor children, then and in that event it is my desire that a guardian be appointed, and the guardian or such guardians shall have power and authority to nominate and appoint three commissioners to divide the property both real

and personal, and to make deeds of conveyance to the land, to which said minors may be entitled to."

This will was witnessed on the 2d of February 1873.

On November 26, 1879, testator added a codicil to the will, which, in so far as it bears upon this controversy, is as follows:

"I devise unto my daughter, Nancy J. Guthrie, and her heirs my domicile or homestead, with so much land annexed thereto as will be necessary to make her equal with my sons, Wm. C. and John M. Webb, to be disposed of as set forth in my last will, then the remainder of said home place to be equally divided between my heirs as devised in my last will."

On December 18, 1883, testator added the following codicil:

"I, John L. Webb, of the county of Perry and State of Tennessee, do make this my codicil, hereby confirming my last will made on the 2d day of February, 1873, and my codicil made on the 26th day of November, 1879, excepting so far as the disposition of my property is changed by this codicil I devise unto my grandsons John M. Dodson and James Mack Guthrie the part heretofore devised to my daughter, Nancy J. Guthrie, as follows, to wit: I devise unto John M. Dodson during his life my domicile or homestead, with as much land as will be necessary to make his part equal with James Mack Guthrie, to whom I devise during his life the place on which his father, R. A. Guthrie, now resides, known as the Pace farm, near the mouth of Sinking creek, on Buffalo river; and, after the death of either of my grandsons above named, I devise the parts herein set forth to them, to their children; but if they should die

without issue, then to go back to my heirs; then the remainder of said home place to be divided between my heirs equally as devised in my last will.''

John M. Dodson and James Mack Guthrie are sons of Nancy J. Guthrie. The complainants are children of John M. Dodson.

In all of the testator's will it seems to have been his idea to vest his children with life estates only. In the third item of the will he bequeathed to Elizabeth and Mary Webb five hundred dollars each, to be invested by his executors in land, in "which land they are to enjoy a life interest only," and provides that the remainder is to go to their children, if any. In the original will it is conceded that Nancy J. Guthrie was given only a life estate. In the first codicil the estate of Nancy J. is not affected. In the second codicil the devise is to Mack Guthrie and John M. Dodson, the father of complainants, and his interest is expressly limited to "during his life." Nowhere in the will are to be found words of an indefeasible estate beyond the natural life of John M. Dodson. This construction is in harmony with the testator's will throughout. He did not devise to any of his children a fee-simple estate.

The will was thus understood by the chancellor, who, in a suit by the executors to construe the will, decreed as follows:

"And the defendants James Mack Guthrie and John M. Dodson are vested by said will with a life estate in the lands respectively devised to them by the second codicil to said will, with remainder interest to their children which may survive them, if any, and, if no children survive them, then at their death to the heirs

at law of testator, John L. Webb, in fee; and that the personalty bequeathed by said will becomes and is thereby vested absolutely in the legatees the said W. C. Webb, J. M. Webb, James Mack Guthrie, and John M. Dodson.''

There was no exception to this decree upon the part of any one. Later there were commissioners to allot the testator's land, and the tract in controversy was allotted to John M. Dodson. The decree of the chancellor in respect to this matter is as follows:

''And that all right, title, interest, and claim of all the devisees and heirs at law of J. L. Webb, deceased, except defendant J. M. Dodson, in and to the portion of lot number 3, of seventy-three acres, and the northern half of the seventy-six-acre tract described in said report, and herein assigned by said commissioners to defendant John M. Dodson, be divested out of them, and vested in the said John M. Dodson, his heirs and assigns, forever.''

The contention of defendant is that the second codicil, together with the foregoing decree of the chancellor, have vested Dodson with an estate in fee to the land. The reply of the complainants is that the portion of the decree which undertook to vest Dodson with an estate in fee is *coram non judice*. We think the last decree should be understood in connection with the first decree. The first decree was passed for the purpose of construing the will and ordering an allotment of the lands. This decree correctly adjudged that Dodson was given a life estate only by the testator. The last decree merely divests out of the devisees and heirs at law of the testator all right, title, interest and claim

they may have in this tract of land, and vest the same in Dodson, "his heirs and assigns forever." It is not decreed that Dodson is the owner in fee of the land, but it is only adjudged that such interest as other heirs and devisees may have had in this tract be vested in Dodson, "his heirs and assigns forever." This cannot be held to be a contradiction of that part of the decree which expressly construes the will and adjudges the rights of the parties. In that decree it was settled that Dodson was the owner by the will of an estate for life only. That was an exhaustion of the powers of the court in construing the will, unless the decree was set aside and expugerated by the chancellor. There is no real inconsistency between the two decrees.

We are of opinion that the meaning of the will is of easy solution and is quite clear. The testator intended that these complainants should be vested with the remainder estate after the death of their father.

The chancellor dismissed the bill upon the demurrer, and we reverse his decree, and remand the case for proof and trial.